SANJAY NANGIA (California State Bar No. 264986)
MEGAN C. AMARIS (California State Bar No. 336283)
E-Mail: sanjaynangia@dwt.com
meganamaris@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111-4701
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendants
TWITCH INTERACTIVE, INC. and
SAMANTHA BRIASCO-STEWART

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

BO SHANG, an individual,

Plaintiff,

v.

TWITCH INTERACTIVE, INC. and SAMANTHA BRIASCO-STEWART, an individual,

Defendants.

Case No. 3:24-cv-6664

(Removed from San Francisco County Superior Court, Case No. CGC-24-617303)

**DEFENDANTS TWITCH INTERACTIVE, INC. AND SAMANTHA BRIASCO-STEWART'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446**

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF BO SHANG:**

PLEASE TAKE NOTICE THAT Defendants TWITCH INTERACTIVE, INC. ("Twitch") and SAMANTHA BRIASCO-STEWART ("Ms. Briasco-Stewart"), by and through their attorneys of record, hereby remove Case Number CGC-24-617303, *Bo Shang v. Twitch, et al.*, originally filed in the Superior Court of the State of California for the County of San Francisco, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Copies of all process, pleadings, and orders that have been filed in state court are attached as **Exhibit A**. In support of this Notice of Removal, the Defendants assert as follows.

## I. THE STATE COURT ACTION

1. On or about August 19, 2024, Plaintiff Bo Shang ("Plaintiff") filed the Complaint against Defendants in the Superior Court of the State of California for the County of San Francisco, in a civil action captioned *Bo Shang v. Twitch*, Case No. CGC-24-617303 (the "State Court Action"). The Complaint purports to allege violations of federal law, including the First Amendment and the Fourteenth Amendment, negligence, and California Business and Professions Code section 17200. *See generally* Compl.[1]

2. On August 22, 2024, Plaintiff served Defendant Twitch with a copy of the Complaint, along with a Civil Case Cover Sheet and Notice of Case Management Conference.

## II. FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

3. This Court has removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), and it has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The existence of federal jurisdiction on removal is determined on the face of the plaintiff's complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). A "plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constructions*

[1] Because the Complaint does not consistently use paragraphs throughout the Complaint, Defendants cite to the page numbers.

*Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983). Here, the Complaint asserts constitutional violations and removal is therefore based on a claim "arising under" federal law.

4. Plaintiff repeatedly claims in his complaint that Twitch is in violation of federal law and predicates his prayer for relief on those alleged violations. The federal questions giving rise to removal are apparent on the face of the Complaint, including, but not limited, to the following allegations:

a. "The plaintiff contends that [Twitch's Terms of Service] violate *the First Amendment*, the *Fourteenth Amendment*, the California Constitution, and the common law doctrines of good faith and fair dealing." Compl. at 2 (emphasis added).

b. "Twitch is criticized for not consistently applying its Terms of Service or Community Guidelines in a manner that aligns with the *Equal Protection*[.]" Compl. at 5 (emphasis added).

c. "The plaintiff alleges that he has suffered immense mental and emotional distress because of being exposed to numerous 'entertainers' on Twitch who violate various California and *Federal* laws, such as obscenity, fraud, and harassment." Compl. at 11 (emphasis added).

d. Seeking, amongst other remedies, a "[c]ourt order mandating Twitch to adjust their business operations for societal economic benefit or halt activities, and obligating streamers to comply with California and *Federal civil and criminal laws*." Compl. at 20 (Prayer for Relief) (emphasis added).[2]

5. This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As set forth above, Plaintiff's claims against Defendants are within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331. All other claims in this action—including Plaintiff's

[2] On the civil cover sheet, Plaintiff selected "Civil Rights" for the case type that best describes his case.

state law claims against both Twitch and Ms. Briasco-Stewart—arise out of the same case or controversy as the claims arising under federal law. Accordingly, there is supplemental jurisdiction over all other claims in this action.

## III. NON-WAIVER OF DEFENSES

6. By removing this action to federal court, Defendants do not waive any defenses available to them, including any defects of service of process or any right to compel arbitration pursuant to an arbitration agreement.

7. By removing this action to federal court, Defendants do not admit any of the allegations in the Complaint.

## IV. THE PROCEDURAL REQUIREMENTS HAVE BEEN MET

8. Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period runs from service of summons and complaint). Twitch was served on August 22, 2024. Thus, this Notice is timely.

9. The United States District Court for the Northern District of California embraces the County of San Francisco, California—the county in which the state court action is currently pending. Therefore, this action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 105(a)(1) and 1441(a).

10. A Removal Notice, together with a copy of this Notice, will be filed with the Clerk of the Superior Court of the County of San Francisco, California, and will be served on Plaintiff.

11. Pursuant to 28 U.S.C. § 1446(a), each Defendant consents to removal to this Court.

## V. CONCLUSION

Based on the foregoing, Defendants Twitch and Ms. Briasco-Stewart hereby remove this action from the Superior Court of California, County of San Francisco, to this United States

District Court for the Northern District of California, and request that further proceedings be conducted in this Court as proved by law.

Dated: September 23, 2024.

Respectfully Submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Megan C. Amaris*
Sanjay Nangia
Megan C. Amaris

Attorneys for Defendants
TWITCH INTERACTIVE, INC. and
SAMANTHA BRIASCO-STEWART

DAVIS WRIGHT TREMAINE LLP