UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BO SHANG,

    Plaintiff,

v.

TWITCH INTERACTIVE, INC., et al.,

    Defendants.

Case No. 24-cv-06664-JSC

**ORDER TO PLAINTIFF TO SHOW CAUSE RE: IDENTIFYING CAUSES OF ACTION IN COMPLAINT**

On August 19, 2024, Plaintiff filed suit in the Superior Court of the State of California for the County of San Francisco. (Dkt. No. 1-1.) On September 23, 2024, Defendants filed a notice of removal. (Dkt. No. 1.) Defendants assert this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because "the Complaint asserts constitutional violations and removal is therefore based on a claim 'arising under' federal law." (*Id.* at 1-2.) As Defendants note, the complaint references the United States Constitution and federal law; for example, Plaintiff (1) "contends that [Twitch's Terms of Service] violate the First Amendment [and] the Fourteenth Amendment" (Dkt. No. 1-1 at 2); (2) "alleges that he has suffered immense mental and emotional distress because of being exposed to numerous 'entertainers' on Twitch who violate various California and Federal laws" (*id.* at 14); and (3) in his prayer for relief, seeks a "[c]ourt order mandating Twitch to . . . obligat[e] streamers to comply with California and Federal civil and criminal laws" (*id.* at 23).

But as drafted, the Court construes Plaintiff's complaint as setting forth a single cause of action: a violation of California Business and Professions Code Section 17200 et seq. The complaint states "Plaintiff Bo Shang brings this action against Defendants . . . for violations of California Business and Professions Code Section 17200 et seq. due to deceptive, fraudulent, and unfair business practices." (*Id.* at 14.) Under "cause of action," the complaint states "[v]iolation

of California Business and Professions Code Section 17200 et seq." (*Id.* at 23; *see also id.* at 10 (listing "California Business and Professions Code Section 17200 et seq" as the "relevant Californian civil statute"). Similarly, the complaint states the court "has jurisdiction over this matter pursuant to California Business and [] Professions Code Section 17200 et seq." (*Id.* at 14.)

The Court therefore issues this order to show cause to determine whether it has subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Generally, "the party who brings the suit is master to decide what law he will rely upon." *See also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). Thus, on or before **November 7, 2024**, Plaintiff must respond to this order indicating whether Plaintiff brings any causes of action in addition to California Business and Professions Code Section 17200 et seq. If so, Plaintiff must specifically identify each cause of action in the response.

As Plaintiff is without representation by a lawyer, the Court directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Legal Help Center for free assistance; Plaintiff can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: October 15, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge