UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BO SHANG,<br><br>    Plaintiff,<br><br>v.<br><br>TWITCH INTERACTIVE, INC., et al.,<br><br>    Defendants. | Case No. 3:24-cv-06664-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt. No. 8 |

Plaintiff, a Massachusetts resident proceeding without attorney representation, filed a lawsuit against Twitch Interactive, Inc. and Samantha Briasco-Stewart (together, "Defendants") in San Francisco Superior Court. Defendants removed to federal court pursuant to federal question jurisdiction. Now pending before the Court is Defendants' motion to dismiss.

**JURISDICTION**

As drafted, the Court construed "Plaintiff's complaint as setting forth a single cause of action: a violation of California Business and Professions Code Section 17200 et seq." (Dkt. No. 14.)[1] So, the Court ordered Plaintiff to identify the causes of action to determine whether the Court had subject-matter jurisdiction. (*Id.*) In an effort to further clarify, the Court issued a second order to show cause. (Dkt. No. 18.)

In response, Plaintiff clarified he "would like to revise the Complaint by removing the 1st and 14th Amendment claims the Plaintiff made." (Dkt. No. 16 at 1.) Plaintiff stated "[f]or Twitch as a company, [he] intends to have only California Business and Professions Code – Section 17200 et seq as a cause of action." (Dkt. No. 19 at 1.) Plaintiff alleged Twitch violated the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

"unlawful," "unfair," and "fraudulent" prongs. (*Id.* at 1-3.) Plaintiff supported the "unlawful" prong with two federal criminal statutes: 18 U.S.C. § 1955 and 18 U.S.C. § 1084. (*Id.* at 1.) In his response to the order to show cause, Plaintiff also introduced California Civil Codes sections 1709 and 1710 against Ms. Briasco-Stewart, alleging she has "committed at least 3-4 counts of California or Federal criminal perjury (California Penal Code 118 and 18 USC 1621)." (*Id.*)

Given Plaintiff's clarification, the lawsuit was properly removed to federal court. Plaintiff stated he "would like to revise the Complaint by removing the 1st and 14th Amendment claims the Plaintiff made," (Dkt. No. 16 at 1), thus establishing the removed complaint alleged a federal claim and therefore the Court has federal subject matter jurisdiction.

## MOTION TO DISMISS

### A.     Complaint Allegations

Twitch is an "online platform for streaming video games and other content." (Dkt. No. 1-1 at 5.) Plaintiff "started using Twitch in 2017." (*Id.* at 15.)

The complaint alleges Twitch engages in unfair competition, deceptive advertising, and false representation of its services, including by: (1) "mis[leading] users about the nature, quality, and availability of its services, such as its content moderation policies"; (2) "favor[ing] certain streamers and content creators over others, based on arbitrary and discriminatory criteria"; (3) "censoring, suppressing, or manipulating user content and communications"; and (4) "interfer[ing] with [Plaintiff] and other users' ability to seek legal recourse or public accountability." (*Id.* at 8.) Plaintiff also alleges Twitch "victimizes [its] users who almost all suffer from ICD-11 Addictive Behaviors: Gaming Disorder" "by enticing . . . users to watch endless hours of streams, donate money to their favorite streamers, and subscribe to channels that promise perks and benefits" when the promised perks and benefits constitute false advertising. (*Id.* at 8-11.)

As it pertains to Plaintiff specifically, the complaint alleges he "signed up to follow Twitch's top female broadcaster . . . with a subscription agreement including 'everlasting love and appreciation'" but "did not receive these promised perks." (*Id.* at 15.) Plaintiff was "unlawfully detained in Tewksbury Hospital . . . from 2020 to 2021 due to the misdiagnoses influenced by Twitch's deceptive practices." (*Id.*) Plaintiff "faced ongoing harassment and stalking by persons

2

1  linked to Twitch." (*Id.*) In 2023, he reached out to Ms. Briasco-Stewart, at the time a Twitch
2  employee, about the harassment and cyberattacks. (*Id.* at 14-15.) "Although Defendant Briasco-
3  Stewart confirmed receipt of the communication, there was no subsequent action taken to halt the
4  harassment." (*Id.*) In July 2024, Ms. Briasco-Stewart sought a civil restraining order against
5  Plaintiff. (*Id.* at 21; Dkt. 8-1.)

In August 2024, Plaintiff sued Twitch and Ms. Briasco-Stewart. Plaintiff seeks compensatory damages for Twitch's negligence in responding to the harassment, "compensatory (punitive) damages . . . for the distress and pain caused by the far-reaching actions of the Defendants," and "[a]n injunction requiring Twitch to stop engaging in unfair competition, deceptive advertising, and false representation of its services." (Dkt. No. 1-1 at 23-24.)

**B.     Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**C.     Request for Judicial Notice**

Defendants request the Court take judicial notice of matters in the civil harassment restraining order proceedings initiated by Ms. Briasco-Stewart against Plaintiff, including the petition for a civil harassment restraining order filed by Ms. Briasco-Stewart, her supporting

3

1    declaration, and the order issued by the San Francisco Superior Court. (Dkt. No. 8-1 at 2.) Under
2    Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to
3    reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction;
4    or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably
5    be questioned." A court "may take notice of proceedings in other court." *Bennett v. Medtronic,*
6    *Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). So, Defendants' request is GRANTED. The Court
7    takes judicial notice of Exhibits A through C in Docket No. 8-1 "for the fact that the documents
8    exist and were filed" but "not for the truth of the facts recited therein." *See Su v. United States*
9    *Postal Serv.*, 730 F. Supp. 3d 1120, 1127 (D. Or. 2024).

10        Defendants also request the Court consider of a copy of Twitch's Terms of Service—
11   publicly available on Twitch's website—under either the incorporation by reference or judicial
12   notice doctrine. (Dkt. No. 8-1 at 2-3.) "[I]ncorporation-by-reference is a judicially created
13   doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v.*
14   *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "[A] defendant may seek to
15   incorporate a document into the complaint if the plaintiff refers extensively to the document or the
16   document forms the basis of the plaintiff's claim." *Id.* (quotation marks omitted). Because the
17   complaint contains multiple references to Twitch's Terms of Service, (Dkt. No. 1-1 at 5, 7, 8, 24),
18   the Court GRANTS Defendants' request to incorporate them by reference. *See id.* at 1003 (for
19   purposes of incorporation by reference, "extensively" ordinarily means at least more than one
20   reference).

21        **D.    Discussion**
22        Plaintiff alleges that Twitch's Terms of Service violate the First Amendment and the
23   Fourteenth Amendment, and that Twitch has "not consistently appl[ied] its Terms of Service or
24   Community Guidelines in a manner that aligns with the Equal Protection [Clause]." (Dkt. No. 1-1
25   at 5, 8.) These claims fail as a matter of law because the First Amendment and the Fourteenth
26   Amendment do not govern the conduct of private parties like Twitch. *See San Francisco Arts &*
27   *Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n. 21 (1987) ("The Fourteenth
28   Amendment applies to actions by a State."); *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th

1  Cir. 2020) ("The Free Speech Clause of the First Amendment prohibits the government—not a
2  private party—from abridging speech.").

3  The complaint also appears to allege claims under California Business & Professions Code
4  section 17200. (Dkt. No. 1-1 at 15.) But it is impossible to discern what Plaintiff is alleging,
5  other than he claims he has been injured by using Twitch. In subsequent filings he suggested
6  Twitch violated 18 U.S.C. § 1955 and 18 U.S.C. § 1084 as the predicate acts for his section 17200
7  claim. (Dkt. No. 19 ¶ 3.) Section 1955 criminalizes illegal gambling businesses. And section
8  1084 criminalizes the business of betting over the wires. But the complaint does not allege *facts*
9  that plausibly support an inference that Twitch committed either crime. So, the claims against
10 Twitch must be dismissed.

11 The complaint also names as a defendant Ms. Briasco-Stewart, the former Twitch
12 employee who obtained a restraining order against Plaintiff. (Dkt. No. 1-1 at 21; Dkt. No. 8-1 at
13 6-11.) But it identifies no facts that plausibly support an inference Plaintiff has a claim against
14 her. Indeed, in a subsequent filing, Plaintiff implied he is dropping the claims against Ms.
15 Briasco-Stewart. (Dkt. No. 24 at 2-3 ("Ms. Briasco-Stewart is a minor player in the actions of
16 Twitch Interactive Inc. and should have never been included as a co-defendant.").) So, the claims
17 against Ms. Briasco-Stewart are DISMISSED WITH PREJUDICE.

18 **E.   Leave to Amend**

19 "[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should
20 grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the
21 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court grants
22 Plaintiff leave to amend his claims against Twitch. But the First and Fourteenth Amendment
23 claims are dismissed without leave to amend because amendment would be futile. Likewise, the
24 claims against Ms. Briasco-Stewart are dismissed without leave to amend. In addition, Plaintiff
25 cannot add any new defendants without prior leave of Court.

26                              **COMPLAINT AGAINST APPLE**

27 On January 8, 2024, on this docket, Plaintiff filed a complaint against Apple, Inc. seeking
28 injunctive relief, damages, declaratory judgment, and other relief. (Dkt. No. 27.) Federal Rules of

Civil Procedure 19, 20, and 21 govern required joinder, permissive joinder, and misjoinder, respectively. Should Plaintiff seek to add Apple as a defendant in this case, Plaintiff must file the appropriate motion to amend the complaint and join Apple as a defendant. Otherwise, Plaintiff may file a separate lawsuit against Apple.

Accompanying the complaint against Apple is a declaration stating "Plaintiff Bo Shang respectfully submits a motion to dismiss with prejudice due to lack of time. Plaintiff will initiate a somewhat related lawsuit against Apple Inc in this same court." (Dkt. No. 27-1.) To the extent Plaintiff seeks to dismiss his case against Twitch, Plaintiff must comply with the requirements of Federal Rule of Civil Procedure 41.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss. The deadline to file an amended complaint against Twitch is February 10, 2025. The amended complaint cannot allege claims against Ms. Briasco-Stewart and cannot allege First or Fourteenth amendment claims. If Plaintiff does not file an amended complaint, judgment will be entered in Defendants' favor.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: January 9, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge