1
2
3
4
5         UNITED STATES DISTRICT COURT
6         NORTHERN DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| ARIANI GORDOA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  3:22-cv-02900-JSC<br><br>**ORDER RE: CHAMBERS COPIES OF APPLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 196 |

Apple's motion for summary judgment is set for hearing on April 10, 2025.  (Dkt. No. 196.)  The chambers copies Apple provided of its motion do not comply with the Court's standing order:

> [C]hambers copies should be double-sided (when possible) and three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copies in a binder.

*Civil Standing Order for District Judge Jacqueline Scott Corley*, Rev. Jan. 21, 2025, Sec. D (available at https://cand.uscourts.gov/jsc-standing-order-jan-2025-docx/).  Further, Apple has filed several exhibits to its motion under seal and rather than provide the Court with a copy of the unredacted exhibits, has submitted entirely blacked out pages as chambers copies.

Accordingly, Apple is ORDERED to resubmit its chambers copies in accordance with Section D of the Standing Order.  For the exhibits Apple seeks to file under seal, Apple shall include the unredacted but highlighted versions of these exhibits, in the binder.  *See* Civ. L.R. 79-5(e)(2) ("The unredacted version must include the phrase "FILED UNDER SEAL" prominently

marked on the first page and must highlight the portions for which sealing is sought.").

**IT IS SO ORDERED.**

Dated: February 5, 2025

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge

2